9/8/2020 12:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46034074
By: Maria Rodriguez
Filed: 9/8/2020 12:04 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JOSE DUFFOO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SPLIETHOFF HOUSTON TX INC. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jose Duffoo ("Plaintiff"), complaining of Defendant Spliethoff Houston TX Inc., and, for cause of action, would show unto this Honorable Court as follows:

## I.  DISCOVERY CONTROL PLAN

1.1     Plaintiff intends to conduct discovery under Level 3, pursuant to Texas Rule of Civil Procedure 190.4.

1.2     Plaintiff affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of $100.000.

## II.  CLAIM FOR RELIEF

2.1     Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiff is seeking monetary relief over $1,000,000.

## III.  PARTIES

3.1     Plaintiff, Jose Duffoo, is a resident and citizen of Texas.

3.2     Defendant Spliethoff Houston TX Inc., is a Texas corporation with its principal place of business in Houston, Texas, which does business in this County and the State of Texas for the purpose of accumulating monetary profit. This Defendant is the U.S. office for the owner,

**EXHIBIT C**

operator, and manager of the *Happy Buccaneer,* the vessel on which Plaintiff was working at the time of his injuries.  Defendant may be served with process by serving its registered agent Robert L. Klawetter, 808 Travis, Suite 1300, Houston, Texas 77002.

3.3     Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiff specifically invokes the right under Rule 28, Texas Rules of Civil Procedure to have the true name of such parties substituted at a later time, if necessary.

## IV.  JURISDICTION

4.1     Plaintiff's claims against Defendant are maintained under the general maritime law and/or 33 U.S.C. § 905(b).  This Court also has jurisdiction over this case because Defendant systematically conducts business in the State of Texas.  The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

4.2     It is well-established that 905(b) cases are not removable to federal court.

## V.  VENUE

5.1     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.002(a)(3), since Harris County is the county of Defendant's principal office in the State.

## VI.  FACTS AND NEGLIGENCE OF DEFENDANT

6.1     At all material times hereto, Defendant owned, operated, maintained and/or crewed the *Happy Buccaneer* ("Vessel"), the vessel on which Plaintiff was working at the time of the incident made the basis of this suit.

2

**EXHIBIT C**

6.2    On or about November 16, 2019, while performing his duties on the Vessel while it was in a Texas port, Plaintiff sustained severe injuries while pulling on a defective chain on the Vessel.  Part of the chain broke and struck Plaintiff violently, causing injuries to his arm, back, and waist.  The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendant, in the following particulars, among others:

    (a)    failing to properly supervise the crew on the Vessel;

    (b)    failing to maintain the Vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

    (c)    failing to take reasonable precautions for Plaintiff's safety;

    (d)    failing to provide Plaintiff with a reasonably safe place to work, including failing to provide proper equipment and sufficient crew;

    (e)    failing to properly train the crew on the Vessel;

    (f)    violating applicable Coast Guard, OSHA, and/or other regulations; and,

    (g)    other acts of negligence and/or omissions to be shown at trial herein.

## VII.  DAMAGES

7.1    Defendant's negligence and gross negligence proximately caused injury to Plaintiff, which resulted in the following damages:

    (a)    physical pain and suffering and mental anguish suffered in the past, from the date of the incident through the date of trial;

    (b)    physical pain and suffering and mental anguish that in all reasonable probability Plaintiff will suffer in the future;

    (c)    lost earnings from the date of the incident through the date of trial;

    (d)    loss of wage earning capacity that in all reasonable probability Plaintiff will sustain in the future;

**EXHIBIT C**

    (e)       physical impairment suffered from the date of the incident through the date of trial;

    (f)       physical impairment that in all reasonable probability Plaintiff will suffer in the future;

    (g)       medical expenses incurred from the date of the incident through the date of trial;

    (h)       medical expenses that in all reasonable medical probability Plaintiff will incur in the future; and

    (i)       disfigurement.

### VIII.  REQUEST FOR DISCLOSURE

8.1    Plaintiff requests that Defendant disclose, within 50 days of the original service of this request, the information or material described in Rule 194.2, Texas Rules of Civil Procedure.

WHEREFORE, Plaintiff prays the Court issue citation for Defendant to appear and answer herein, and that Plaintiff be awarded a judgment against Defendant for the following:

a.    Actual damages;
b.    Exemplary damages;
c.    Prejudgment and post-judgment interest;
d.    Court costs;
e.    Punitive damages and attorney's fees; and
f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Marcus R. Spagnoletti*
    Marcus R. Spagnoletti
    TX SBN 24076708
    mspagnoletti@spaglaw.com
    Eric J. Rhine
    TX SBN 24060485
    erhine@spaglaw.com
    SPAGNOLETTI LAW FIRM
    401 Louisiana Street, 8th Floor
    Houston, Texas 77002
    Telephone:    713.653.5600
    Facsimile:    713.653.5656

ATTORNEYS FOR PLAINTIFF

**EXHIBIT C**

10/12/2020 10:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47088705
By: DAVIA FORD
Filed: 10/12/2020 10:04 AM

CAUSE NO. 2020-54213

| | | |
|---|---|---|
| JOSE DUFFOO | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SPLIETHOFF HOUSTON TX INC. | § | 295TH JUDICIAL DISTRICT |

### DEFENDANT SPLIETHOFF HOUSTON TX INC.'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Spliethoff Houston TX Inc. and files its Original Answer to Plaintiff's Original Petition to respectfully show the following:

### A.  GENERAL DENIAL

1.      Spliethoff Houston TX Inc. ("Defendant") generally denies the allegations in Plaintiff's Original Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure, and Defendant demands that Plaintiff be required to prove the charges and allegations against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

### B.  VERIFIED DENIALS

2.      Spliethoff Houston TX Inc. is not liable in the capacities sued and is neither a necessary nor proper party to this litigation.  More particularly:

a.      Spliethoff Houston TX Inc. is not the U.S. office for the owner, operator, or manager of the *Happy Buccaneer* at the time of the alleged incident.

b.      Spliethoff Houston TX Inc. did not own, operate, manage, maintain, crew or otherwise have any responsibility for conditions onboard the *Happy Buccaneer* at the time of the alleged incident.

c.      Spliethoff Houston TX Inc. did not employ Plaintiff or any other member of the crew of the *Happy Buccaneer* at the time of the alleged incident.

23,681♦0PMLFO111

### EXHIBIT C

    d.      Spliethoff Houston TX Inc. did not employ any individual onboard the *Happy Buccaneer* at the time of the alleged incident.

    e.      Spliethoff Houston TX Inc. had no responsibility for any condition or equipment onboard the *Happy Buccaneer* at the time of the alleged incident.

    f.      Spliethoff Houston TX Inc. had no responsibility to train or supervise the crew of the *Happy Buccaneer* at the time of the alleged incident.

Defendant will supplement with a declaration verifying the particulars of the foregoing.

## C.  OTHER DEFENSES

3.     For further answer, if such is necessary and without waiving the foregoing, the incident did not occur as alleged.

4.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

5.     For further answer, if such is necessary and without waiving the foregoing, Defendant is not liable as alleged.

6.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Defendant.

7.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused by Plaintiff's own contributory negligence/comparative fault for which Defendant is not responsible.

8.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident herein and for which Defendant has no legal liability.

**EXHIBIT C**

9.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

10.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injury made the basis of suit herein.

11.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff has failed to mitigate his damages, if any.

12.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's recovery of medical and or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

13.     For further answer, if such be necessary and without waiving the foregoing, any obligation to pay maintenance and cure as a result of the incident made the basis of this lawsuit has been and/or is being satisfied by Plaintiff's employer.

14.     For further answer, if such is necessary and without waiving the foregoing, if Defendant is found liable to Plaintiff in any amount, Defendant is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements.  In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiff.

**EXHIBIT C**

15.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's claims are exclusively governed by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), as construed by the U.S. Supreme Court in *Scindia Steam Navigation Co. Ltd. vs. De Los Santos*, 451 U.S. 156 (1981), and progeny.

## D.  EXEMPLARY DAMAGES

16.     Without waiving any other defenses and for further answer, Defendant answers any allegations of malice and exemplary or punitive damages as follows:

a.      Defendant invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code § 41.008.  In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code § 41.008,  this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

b.      In addition to the limitations and caps set forth above, Defendant relies upon the entirety of Texas Civil Practice & Remedies Code § 41, including, but not limited to statutory provisions set forth providing for the proper clear and convincing burden of proof as to alleged punitive damages and/or for the appropriate definition of gross negligence to be submitted to the trier of fact.

c.      Plaintiff's claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

**EXHIBIT C**

d.      Plaintiff's claim for malice and punitive or exemplary damages should be proved beyond a reasonable doubt.

e.      Exemplary or punitive damages cannot be awarded against Defendant, because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

f.      Plaintiff's claim for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

g.      Plaintiff's claim for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

h.      Plaintiff's claim for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

i.      Plaintiff's claim for malice and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

j.      Plaintiff's claim for malice and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

23,681♦0PMLFO111                           5

**EXHIBIT C**

k.      Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to Plaintiff's claim for malice and exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

l.      There can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care, and in fact was not even negligent.

m.      Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

n.      In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages.  While denying that punitive damages are available to Plaintiff in this matter, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## E.  DISCOVERY LEVEL

17.      Defendant agrees that discovery should be conducted under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure and that the Court should enter a discovery plan tailored to the circumstances of this case.

## F.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Spliethoff Houston TX Inc. prays that all of Plaintiff's claims against it be dismissed, or in the alternative that upon final hearing, judgment

**EXHIBIT C**

be entered that Plaintiff take nothing by this suit against Spliethoff Houston TX Inc., and that Spliethoff Houston TX Inc. be awarded its costs incurred in the defense of this action, and all other and further relief to which Spliethoff Houston TX Inc. may be entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

/s/ Robert L. Klawetter

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*Spliethoff Houston TX Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **12th** day of **October, 2020**.

***Via Electronic Filing System***
Marcus R. Spagnoletti
Eric J. Rhine
Spagnoletti Law Firm
401 Louisiana Street, 8th Floor
Houston, Texas 77002

/s/ Robert L. Klawetter

Robert L. Klawetter

23,681♦0PMLFO111

7

**EXHIBIT C**

10/13/2020 11:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47133700
By: DAVIA FORD
Filed: 10/13/2020 11:03 AM

CAUSE NO. 2020-54213

| | | |
|---|---|---|
| JOSE DUFFOO | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SPLIETHOFF HOUSTON TX INC. | § | 295TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jose Duffoo ("Plaintiff"), complaining of Defendants Spliethoff Houston TX Inc., BigLift Shipping B.V., Spliethoff's Bevrachtingskantoor B.V., and Happy Buccaneer Rederij (collectively "Defendants"), and, for cause of action would show unto this Honorable Court, as follows:

### I.  DISCOVERY CONTROL PLAN

1.1     Plaintiff intends to conduct discovery under Level 3, pursuant to the Texas Rule of Civil Procedure 190.4.

1.2     Plaintiff affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of $100.000.

### II.  CLAIM FOR RELIEF

2.1     Pursuant to Tex. R. Civ. P. 47(c)(5), Plaintiff alleges he is seeking monetary relief over $1,000,000.

### III.  PARTIES

3.1     Plaintiff, Jose Duffoo, is a resident and citizen of Texas.

EXHIBIT C

3.2     Defendant Spliethoff Houston TX Inc., is a Texas corporation with its principal place of business in Houston, Texas, which does business in this County and the State of Texas for the purpose of accumulating monetary profit. This Defendant has already appeared herein.

3.3     Defendant BigLift Shipping B.V., is a foreign corporation with its principal place of business in the Netherlands, doing business in this County and the State of Texas for the purpose of accumulating monetary profit.  BigLift Shipping B.V. is a global heavy lift company, that specializes in worldwide ocean transportation of ro-ro, heavy lift and project cargoes dating back to 1973.  This Defendant is the operator of the *Happy Buccaneer* ("Vessel"), the vessel on which Duffoo worked at the time of his injuries.  Although BigLift Shipping B.V. has a long-standing history with the State of Texas, including opening an office in Houston, Texas, it has not registered to do business in the State of Texas. As a foreign entity doing business in the State of Texas that does not maintain a principal office in the state, pursuant to Tex.R.Civ.P. 108a, and in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process (Citation and First Amended Petition), to the Central Authority for the Netherlands, to wit:

> De Officier van Justitie
> Postbus 20302
> 2500 EH   THE HAGUE
> Netherlands

for forwarding service on Defendant BigLift Shipping B.V., at its registered office Radarweg 36, 1042 AA Amsterdam.

2

**EXHIBIT C**

3.4      Defendant Spliethoff's Bevrachtingskantoor B.V., is a foreign corporation with its principal place of business in the Netherlands, doing business in this County and the State of Texas for the purpose of accumulating monetary profit.   This Defendant is the group owner and technical manager of the *Happy Buccaneer* ("Vessel"), the vessel on which Duffoo worked at the time of his injuries.  Although Spliethoff's Bevrachtingskantoor B.V. has a long-standing history with the State of Texas, including opening an office in Houston, Texas, it has not registered to do business in the State of Texas. As a foreign entity doing business in the State of Texas that does not maintain a principal office in the state, pursuant to Tex.R.Civ.P., 108a, and in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process (Citation and First Amended Petition), to the Central Authority for the Netherlands, to wit:

> De Officier van Justitie
> Postbus 20302
> 2500 EH   THE HAGUE
> Netherlands

for forwarding service on Defendant Spliethoff's Bevrachtingskantoor B.V., at its registered office Radarweg 36, 1042 AA Amsterdam.

3.5      Defendant Happy Buccaneer Rederij, is a foreign corporation with its principal place of business in the Netherlands, doing business in this County and the State of Texas for the purpose of accumulating monetary profit.  This Defendant is the owner of the *Happy Buccaneer* ("Vessel"), the vessel on which Duffoo was working at the time of his injuries.  Although Happy Buccaneer Rederij has a long-standing history with the State of Texas, it has not registered to do

**EXHIBIT C**

business in the State of Texas. As a foreign entity doing business in the State of Texas that does

not maintain a principal office in the state, pursuant to Tex.R.Civ.P. 108a, and in accordance

with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in

Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate

originals of process (Citation and First Amended Petition), to the Central Authority for the

Netherlands, to wit:

> De Officier van Justitie
> Postbus 20302
> 2500 EH   THE HAGUE
> Netherlands

for forwarding service on Defendant Happy Buccaneer Rederij , at its registered office Radarweg

36, 1042 AA Amsterdam.

3.6     Plaintiff specifically invokes the right to institute this suit against whatever

entities were conducting business using an assumed or common name, if any, with regard to the

events described in this Petition. Plaintiff specifically invokes the right under Rule 28, Texas

Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if

necessary.

### IV.  JURISDICTION

4.1     Plaintiff's claims against Defendants are maintained under the general maritime

law and/or 33 U.S.C. § 905(b).  This Court also has jurisdiction over this case because

Defendants systematically conducts business in the State of Texas.  The damages sought herein

are in excess of the minimal jurisdictional limits of this Court.

4.2     It is well-established that 905(b) cases are not removable to federal court.

**EXHIBIT C**

## V.  VENUE

5.1     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.002(a)(3), since Harris County is the county of one defendant's principal office in the state.

## VI.  FACTS AND NEGLIGENCE OF DEFENDANT

6.1     At all material times hereto, Defendants owned, operated, maintained and/or crewed the *Happy Buccaneer* ("Vessel"), the vessel on which Plaintiff was working at the time of the incident made the basis of this suit.

6.2     On or about November 16, 2019, while performing his duties on the Vessel while it was in a Texas port, Plaintiff sustained severe injuries while pulling on a defective chain on the vessel.  Part of the chain broke and struck Plaintiff violently, causing injuries to his arm, back, and waist.  The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, in the following particulars, among others:

(a)     failing to properly supervise the crew on the vessel;

(b)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(c)     failing to take reasonable precautions for Plaintiff's safety;

(d)     failing to provide Plaintiff with a reasonably safe place to work, including failing to provide proper equipment and sufficient crew;

(e)     failing to properly train the crew on the vessel;

(f)     violating applicable Coast Guard, OSHA, and/or other regulations;

(g)     failing to implement sufficient policies and procedures to ensure the safety of workers on the vessel;

(h)     failing to inspect the equipment and/or appurtenances of the vessel to ensure they were not dangerous; and,

(i)     other acts of negligence and/or omissions to be shown at trial herein.

EXHIBIT C

## VII.  DAMAGES

7.1     Defendants' negligence and gross negligence proximately caused injury to

Plaintiff, which resulted in the following damages:

a.      physical pain and suffering and mental anguish suffered in the past, from the date of the incident through the date of trial;

b.      physical pain and suffering and mental anguish that in all reasonable probability Plaintiff will suffer in the future;

c.      lost earnings from the date of the incident through the date of trial;

d.      loss of wage earning capacity that in all reasonable probability Plaintiff will sustain in the future;

e.      physical impairment suffered from the date of the incident through the date of trial;

f.      physical impairment that in all reasonable probability Plaintiff will suffer in the future;

g.      medical expenses incurred from the date of the incident through the date of trial;

h.      medical expenses that in all reasonable medical probability Plaintiff will incur in the future; and

i.      disfigurement that Plaintiff is likely to suffer in the future.

## VIII.  REQUEST FOR DISCLOSURE

8.1     Plaintiff requests that each defendant disclose, the information or material

described in Rule 194.2, Tex.R.Civ.P., within the time limits allowed by law.

WHEREFORE, Plaintiff prays the Court issue citation for Defendants to appear and

answer herein, and that Plaintiff be awarded a judgment against Defendants for the following:

a.      Actual damages;
b.      Exemplary damages;
c.      Prejudgment and post-judgment interest;
d.      Court costs;

EXHIBIT C

e.      Punitive damages and attorney's fees; and

f.      All other relief to which Plaintiff is entitled.

Respectfully submitted,

By:  */s/ Eric J. Rhine*
        Marcus R. Spagnoletti
        TX SBN 24076708
        mspagnoletti@spaglaw.com
        Eric J. Rhine
        TX SBN 24060485
        erhine@spaglaw.com
        SPAGNOLETTI LAW FIRM
        401 Louisiana Street, 8th Floor
        Houston, Texas 77002
        Telephone:   713.653.5600
        Facsimile:    713.653.5656

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record via E-Service at the time of filing herein, on this 13th day of October, 2020.

*/s/ Eric J. Rhine*
Eric J. Rhine

**EXHIBIT C**

10/27/2020 3:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47569365
By: DAVIA FORD
Filed: 10/27/2020 3:06 PM

CAUSE NO. 2020-54213

| | | |
|---|---|---|
| JOSE DUFFOO | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SPLIETHOFF HOUSTON TX INC. | § | 295TH JUDICIAL DISTRICT |

### DEFENDANT SPLIETHOFF HOUSTON TX INC.'S
### SUPPLEMENT TO ITS ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Spliethoff Houston TX Inc. (hereinafter "Defendant" or "Spliethoff") submits the following in supplement to its Original Answer to Plaintiff's Original Petition:

### I.

Spliethoff incorporates by reference for all purposes the Declaration of Kyle Branting, which is attached hereto as Exhibit A, in support of its Original Answer to establish and verify the facts relating to Spliethoff set forth in section B of its Original Answer, as well as other facts not apparent from the record.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

/s/ *Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile:  (713) 225-2907

*Attorneys for Defendant,*
*Spliethoff Houston TX Inc.*

23681♦0PJAGO105

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **27th** day of **October, 2020**.

*<u>Via Electronic Filing System</u>*
Marcus R. Spagnoletti
Eric J. Rhine
Spagnoletti Law Firm
401 Louisiana Street, 8th Floor
Houston, Texas 77002

/s/ Robert L. Klawetter
Robert L. Klawetter

23681 ♦0PJAGO105                                           2

**EXHIBIT C**

CAUSE NO. 2020-54213

| | | |
|---|---|---|
| JOSE DUFFOO | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SPLIETHOFF HOUSTON TX INC. | § | 295TH JUDICIAL DISTRICT |

## DECLARATION

1.   My name is Kyle Branting, I am over twenty-one years of age, of sound mind, and am fully competent and qualified to make the statements set forth below.  My business address is 900 Town & Country Lane, Suite 235, Houston, Texas 77024. In compliance with Texas Civil Practice and Remedies Code Section 132.001, I declare under penalty of perjury that I have personal knowledge of the facts stated herein and declare them to be true and correct based upon my personal knowledge and/or my own investigation into the facts of this matter.

2.   I am the Vice President for Spliethoff Houston TX Inc. and am authorized to make this on behalf of Spliethoff Houston TX Inc.

3.   I have read the Original Petition filed on behalf of Jose Duffoo against Spliethoff Houston TX Inc. in the 295th Judicial District Court of Harris County, Texas as Cause No. 2020-54213 (the "lawsuit").

4.   Spliethoff Houston TX Inc. is not the U.S. office for the owner, operator, or manager of the Happy Buccaneer at the time of the alleged incident.  Spliethoff Houston TX is not the U.S. office for any entity other than Spliethoff Houston TX.

5.   Spliethoff Houston TX Inc. did not own, operate, manage, maintain, crew or otherwise have any responsibility for conditions onboard the *Happy Buccaneer* at the time of the alleged incident.

6.   Spliethoff Houston TX Inc. did not employ Plaintiff or any other member of the crew of the *Happy Buccaneer* at the time of the alleged incident.

7.   Spliethoff Houston TX Inc. did not employ any individual onboard the *Happy Buccaneer* at the time of the alleged incident.

8.   Spliethoff Houston TX Inc. had no responsibility for any condition or equipment onboard the *Happy Buccaneer* at the time of the alleged incident.

9.   Spliethoff Houston TX Inc. had no responsibility to train or supervise the crew of the *Happy Buccaneer* at the time of the alleged incident.

EXHIBIT A
EXHIBIT C

10.  I have read Spliethoff Houston TX Inc.'s Original Answer to Plaintiff's Original Petition in the matter *Jose Duffoo v. Spliethoff Houston TX Inc.*, Cause No. 2020-54213 in the 295th Judicial District Court of Harris County, Texas, with which this declaration is to be filed, and all facts stated therein regarding Spliethoff Houston TX Inc. are true and correct.

Executed in <u>Houston, Texas</u>      on the <u>21st</u> day of October 2020.

Signature:
Name:       Kyle Branting
Title:        Vice President
Company:   Spliethoff Houston TX Inc.

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXHIBIT A**
EXHIBIT C

2/2/2021 10:17 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50260458
By: DAVIA FORD
Filed: 2/2/2021 10:17 AM

CAUSE NO. 2020-54213

| | | |
|---|---|---|
| JOSE DUFFOO | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SPLIETHOFF HOUSTON TX INC. | § | 295TH JUDICIAL DISTRICT |

**DEFENDANT BIGLIFT SHIPPING B.V.'S**
**ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW BigLift Shipping B.V. and files its Original Answer to Plaintiff's First Amended Petition to respectfully show the following:

**A.  GENERAL DENIAL**

1.      BigLift Shipping B.V. ("Defendant") generally denies the allegations in Plaintiff's First Amended Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure, and Defendant demands that Plaintiff be required to prove the charges and allegations against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

**B.  OTHER DEFENSES**

2.      For further answer, if such is necessary and without waiving the foregoing, the incident did not occur as alleged.

3.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff was not injured as alleged and has not suffered the damages and/or disabilities claimed herein.

4.      For further answer, if such is necessary and without waiving the foregoing, Defendant is not liable as alleged.

23,681♦1PMLF2100

**EXHIBIT C**

5.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if  any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Defendant.

6.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused by Plaintiff's own contributory negligence/comparative fault for which Defendant is not responsible.

7.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident herein and for which Defendant has no legal liability.

8.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

9.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff has not been injured and/or sustained damages to the extent alleged, and Plaintiff's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injury made the basis of suit herein.

10.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff has failed to mitigate his damages, if any.

11.      For further answer, if such is necessary and without waiving the foregoing, Plaintiff's recovery of medical and or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**EXHIBIT C**

12.     For further answer, if such be necessary and without waiving the foregoing, any obligation to pay maintenance and cure as a result of the incident made the basis of this lawsuit has been and/or is being satisfied by Plaintiff's employer.

13.     For further answer, if such is necessary and without waiving the foregoing, if Defendant is found liable to Plaintiff in any amount, Defendant is entitled to a credit or set-off for any and all sums Plaintiff has received in the way of any and all settlements.  In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiff.

14.     For further answer, if such is necessary and without waiving the foregoing, Plaintiff's claims are exclusively governed by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), as construed by the U.S. Supreme Court in *Scindia Steam Navigation Co. Ltd. vs. De Los Santos*, 451 U.S. 156 (1981), and progeny.

## C.  EXEMPLARY DAMAGES

15.     Without waiving any other defenses and for further answer, Defendant answers any allegations of gross negligence and exemplary or punitive damages as follows:

a.     There can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care, and in fact was not even negligent.

b.     Defendant invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code § 41.008.  In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code § 41.008,  this Honorable Court should reduce

and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

      c.    In addition to the limitations and caps set forth above, Defendant relies upon the entirety of Texas Civil Practice & Remedies Code § 41, including, but not limited to statutory provisions set forth providing for the proper clear and convincing burden of proof as to alleged punitive damages and/or for the appropriate definition of gross negligence to be submitted to the trier of fact.

      d.    Plaintiff's claim for gross negligence and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

      e.    Plaintiff's claim for gross negligence and punitive or exemplary damages should be proved beyond a reasonable doubt.

      f.    Exemplary or punitive damages cannot be awarded against Defendant, because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

      g.    Plaintiff's claim for gross negligence and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

      h.    Plaintiff's claim for gross negligence and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

**EXHIBIT C**

i.       Plaintiff's claim for gross negligence and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

j.       Plaintiff's claim for gross negligence and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

k.       Plaintiff's claim for gross negligence and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

l.       Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to Plaintiff's claim for gross negligence and exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

m.       Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

n.       In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages.  While denying that punitive damages are available to Plaintiff in this matter, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates

**EXHIBIT C**

Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## D.  DISCOVERY LEVEL

16.     Defendant agrees that discovery should be conducted under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure and that the Court should enter a discovery plan tailored to the circumstances of this case.

## E.  PRAYER

WHEREFORE, PREMISES CONSIDERED, BigLift Shipping B.V. prays that all of Plaintiff's claims against it be dismissed, or in the alternative that upon final hearing, judgment be entered that Plaintiff take nothing by this suit against BigLift Shipping B.V., and that BigLift Shipping B.V. be awarded its costs incurred in the defense of this action, and all other and further relief to which BigLift Shipping B.V. may be entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*BigLift Shipping B.V.*

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **2nd** day of **February, 2021**.

> ***Via Electronic Filing System***
> Marcus R. Spagnoletti
> Eric J. Rhine
> Spagnoletti Law Firm
> 401 Louisiana Street, 8th Floor
> Houston, Texas 77002

*/s/ Robert L. Klawetter*
Robert L. Klawetter

**EXHIBIT C**